This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40551

WILMINGTON SAVINGS FUND SOCIETY,
FSB d/b/a CHRISTIANA TRUST, not
individually, but as TRUSTEE FOR
PRETIUM MORTGAGE ACQUISITION
TRUST,

      Plaintiff-Appellee,

v.

K. MARIE MOUND,

      Defendant-Appellant,

and

UNITED STATES OF AMERICA (IRS) and
PORTFOLIO RECOVERY ASSOCIATES,
INC.,

      Defendants.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Court Judge

Houser LLP
Solomon S. Krotzer
Albuquerque, NM

for Appellee

Trujillo Law LLC
Jeremy Trujillo
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Appellant appeals from the district court's order of summary judgment and for foreclosure sale of the subject property and from the district court's order denying Appellant's motion to reconsider. Unpersuaded by Appellant's docketing statement, we issued a notice proposing to summarily affirm. Appellant has responded with a memorandum in opposition to our notice. After due consideration of all the materials before us, we remain unpersuaded and affirm.

**{2}** Appellant's response to our notice continues to argue that she raised issues of fact as to Appellee's standing to enforce the note that precludes entry of summary judgment; namely, Appellant's allegations that the allonge constituted the actual transfer of the note to Appellee and Appellee did not have the note at the filing of the complaint. [MIO 6-7] We remain unpersuaded Appellant presented more than speculation to support her allegations. *See Horne v. Los Alamos Nat'l Sec., LLC.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (reiterating that speculation is insufficient to overcome a prima facie case for summary judgment); *Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 27, 409 P.3d 930 ("The non[]movant [in summary judgment] cannot meet th[eir] burden with allegations or speculation but must present admissible evidence demonstrating the existence of a genuine issue of fact requiring trial."). We remain persuaded that Appellee made a prima facie case of standing by attaching to its complaint a copy of the original note indorsed in blank and by submitting affidavits demonstrating its possession of that note at the time it filed the complaint. [1 RP 1-11, 33-34; 2 RP 170, 270; 3 RP 423] *See Fed. Nat'l Mortg. Ass'n v. Trissell*, 2022-NMCA-001, ¶¶ 8-9, 503 P.3d 381 (explaining that "a foreclosing party may establish that it is the holder of a note—and therefore entitled to enforce it—by attaching to the initial complaint a note that is indorsed to the foreclosing party or in blank" and concluding that the plaintiff "demonstrated that it had standing to foreclose by attaching a note containing a blank indorsement to its initial complaint"), *cert. denied* (S-1-SC-38867, Dec. 22, 2021); *see also* NMSA 1978, § 55-3-205(b) (1992) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). Because Appellant did not introduce evidence that shows fraud or otherwise contradicts Appellee's evidence, we are not persuaded that the inferences Appellant wishes us to draw from Appellee's evidence are reasonable. *See Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 ("An inference is not a supposition or a conjecture, but is a logical deduction from facts proved and guess work is not a substitute therefor." (internal quotation marks and citation omitted)). Thus, we hold that Appellant did not present a material fact dispute to preclude summary judgment. *See id.* ("When disputed facts do not support reasonable inferences, they cannot serve as a basis for denying summary judgment. Only when the inferences are reasonable is summary judgment inappropriate."); *cf. Bank of New York Mellon v. Luu*, 2019-NMCA-053, ¶ 24, 448 P.3d 625 (stating that "the existence of both an indorsed note and a prior copy of the note

made before indorsement is not unusual, and we hold that it is insufficient on its own to support a finding of fraud").

{3}     For the reasons stated above and in our notice, we affirm the district court's summary judgment order and foreclosure decree.

{4}     **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**